IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE WALKER,            )
                            )
         Plaintiff,         )
                            )
    vs.                     )    Civil Action No. 01-1946
                            )
COMMISSIONER OF SOCIAL SECURITY, )
                            )
         Defendant.         )

O R D E R

AND NOW, this 29th day of January, 2008, upon consideration of "Plaintiff's Motion for Approval of Fee Agreement and Authorization of Payment of Attorney Fees Withheld to Counsel" (Document No. 20) and brief in support thereof (Document No. 21), filed in the above-captioned matter on October 17, 2007, and upon further consideration of Defendant's Response thereto (Document No. 22) filed on January 2, 2008,

IT IS HEREBY ORDERED that said Motion is DENIED as untimely.

Although this motion is purportedly filed by the Plaintiff in this matter, it is Plaintiff's counsel ("Counsel") that is the true party of interest in regard to this motion. Counsel has represented Plaintiff throughout the proceedings in the above-captioned case, both at the administrative level before the Commissioner of Social Security and at the district court level.

1

Apparently, on February 25, 2004, after the case had been remanded by this Court to the Commissioner for further proceedings, an administrative law judge ("ALJ") entered a fully favorable decision on Plaintiff's behalf.[1] According to Counsel, $5,399.75 of the award of past-due benefits was withheld by the Commissioner.[2] On October 17, 2007, over three and a half years later, Counsel filed the present motion seeking an order approving the fee agreement between Plaintiff and Counsel and directing the payment of $5,399.75 in attorneys' fees to Counsel pursuant to 42 U.S.C. § 406(b).

The Court will assume that Section 406(b) authorizes a district court to award attorneys' fees in cases in which the district court has remanded the case to the Commissioner for further proceedings, and the Commissioner on remand awards the claimant past-due benefits. See, e.g., Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1277 (11th Cir. 2006). However, Section 406(b) does not specify the time in which a petition for such fees must be filed. Courts generally have used two approaches in determining the time limit for filing a request for fees pursuant to Section 406(b). Some courts have held that Federal Rule of Civil Procedure 54(d)(2) applies to Section 406(b) attorneys' fee claims. See Bergen, 454 F.3d at 1277; Pierce v. Barnhart, 440 F.3d 657, 663-

---

[1] The ALJ's decision is not part of the record; although it is identified in the motion as Exhibit B, there is no Exhibit B to Counsel's motion, brief, or affidavit.

[2] Counsel does not actually specify, or provide any documentation of, the actual amount of past-due benefits awarded.

2

64 (5th Cir. 2006). Rule 54(d)(2) provides that unless otherwise provided by statute or order of the court, a motion for attorneys' fees must be filed no later than 14 days after entry of judgment. The 14-day period would run, most appropriately, from the date the notice of award is issued by the Commissioner. See Garland v. Astrue, 492 F. Supp. 2d 216, 220 (E.D.N.Y. 2007). Other courts have applied Federal Rule of Civil Procedure 60(b)(6) in determining whether a Section 406(b) petition is timely and have held that a motion for an award of fees must be filed within a reasonable time of the Commissioner's decision awarding benefits. See McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).

The Third Circuit Court of Appeals has yet to address the issue of the time for filing a Section 406(b) petition. Nonetheless, this Court need not decide which standard to apply, because under either standard, Counsel's request for fees is untimely.

Counsel's request is clearly not timely under Rule 54(d)(2).[3] Nor is it timely under the more lenient rule adopted by the Tenth Circuit. "A motion under Rule 60(b)(6) filed more than a

---

[3] It should be noted that it is not clear from the record when the notice of award was issued. The ALJ's favorable decision was apparently issued on February 25, 2004 (although the decision has not actually been made part of the record), but it is not clear from the record whether the notice of award was issued at that same time. Since the February 25 date is the only one provided by Counsel, it is the date the Court will use. In any event, there is absolutely no evidence that the notice of award was made within 14 days of October 17, 2007, and it is extremely unlikely that this would have been the case.

3

year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." Gordon v. Monoson, 239 Fed. Appx. 710, 713 (3d Cir. 2007). The Third Circuit, in Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342 (3d Cir. 1987), held that a Rule 60(b)(6) motion filed almost two years after the district court's initial judgment was untimely. Here, the motion was filed over three and a half years after the ALJ's favorable decision granting past-due benefits. There is no explanation given for the enormous delay in this case, nor is any reason apparent from the record.

Moreover, there are no extraordinary circumstances that would warrant the Court's consideration of this untimely motion. The Court notes that Section 406(b) authorizes it to approve counsel's request for fees from a claimant's award only for services performed in court. Compensation for work performed during the administrative phase of the case must be determined separately by the Commissioner. See Guido v. Schweiker, 775 F.2d 107 (3d Cir. 1985). This Court, on August 27, 2002, awarded Counsel fees for his work in court in this case pursuant to the Equal Access to Justice Act, 28 § U.S.C. 2412(d) ("EAJA"). Although the Court did not award all of the fees requested by counsel, it did award $1,665.29. The work in court for which Counsel sought fees under the EAJA is essentially the same work for which he seeks fees in the instant motion.

Although fees awarded pursuant to the EAJA are calculated in a different manner than fees awarded pursuant to Section 406(b), see Gisbrecht v. Barnhart, 535 U.S. 789 (2002),[4] the fact remains that Counsel has received compensation of some sort for his time spent in court. It may well be that Counsel could have received a greater fee pursuant to Section 406(b), but he is not being left with no fee whatsoever for his court work performed. Moreover, Counsel may have recourse through the Commissioner for fees for time spent at the administrative level, since it is the Commissioner who must approve any such fees. It simply cannot be said that it is extraordinary or manifestly unjust for Counsel to be denied fees under Section 406(b) when he has already been compensated for that work, albeit at a lesser rate.

It is noteworthy that Counsel's motion makes no mention of his award of fees under the EAJA in 2002, even though any fees awarded under Section 406(b) must be offset by that prior award. See Gisbrecht, 535 U.S. at 796. Likewise, he seems to be seeking an award of fees for work done both before this Court and at the administrative level, as he attempts to justify the fees sought by citing to work performed both in court and before the Commissioner. As discussed above, the Court is not authorized to award fees for

---

[4] The Supreme Court, in Gisbrecht, held that Section 406(b) does not displace contingent-fee agreements within the statutory ceiling, but rather, instructs courts to review for reasonableness fees yielded by those agreements. 535 U.S. at 808-09.

5

work done before the Commissioner. Counsel has also failed to make part of the record the ALJ's decision, the notice of award, or any other document substantiating the amount of past-due benefits awarded in this case, relying instead merely on his own contention regarding this amount. Indeed, even if the motion had been timely, the Court could not have awarded fees in the amount sought.

In light of the substantial delay in filing this motion, the fact that Counsel has already received at least some payment of fees for his work before this Court, and Counsel's failure to address significant issues regarding the fees to which he argues he is entitled, the Court finds that the instant motion has not been filed within a reasonable time, and accordingly, the motion is denied.[5]

                                               s/Alan N. Bloch
                                               United States District Judge

ecf:      Counsel of record

---

[5] The Court is well-aware that the Commissioner has agreed to pay the fees sought by Counsel. However, the Commissioner's failure to object to the instant motion as untimely does not bind the Court. See Garland, 492 F. Supp. 2d at 222. While the Commissioner plays a part in determining a reasonable fee, the Court notes that the Commissioner has no direct financial stake in the Court's disposition of this motion, as any fees awarded would be paid out of Plaintiff's past-due benefits. Gisbrecht, 535 U.S. at 796-98.

6